IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA,

        Respondent,

v.                                            CRIMINAL ACTION NO. 3:00-00062
                                                  (CIVIL ACTION NO. 3:03-2220)

SPENCER T. MYERS,

        Movant

**MEMORANDUM OPINION AND ORDER**

        Pending is Movant Spencer T. Myers' objections to the Magistrate Judge's Findings and Recommendation regarding his motion to Vacate, Set Aside, and Correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the Magistrate Judge's Findings and Recommendation are **ADOPTED**; Movant's objections are **DENIED**; and Movant's motion is **DISMISSED**.

        Movant divides his objections into nine categories. First, Movant asserts that the Magistrate Judge erred in stating that Movant "was stopped, [and] ordered or taken out of the car[.]" *Findings and Recommendation*, at 2. Instead, Movant contends that he simply was ordered to go to the back to his vehicle by Officer Frank Dickey. The Court finds this contention, even if true, is inconsequential to whether his § 2255 motion should be granted. Therefore, the Court **DENIES** Movant's first objection.

Second, Movant disagrees with the Magistrate Judge's finding that his arrest did not violate the Fourth Amendment pursuant to *Michigan v. DeFillippo*, 443 U.S. 31, 36-37 (1979). Specifically, Movant asserts that there was insufficient probable cause to arrest him. However, as explained by the Magistrate Judge, the Court finds that there was obviously a sufficient basis to cause a "prudent person" to believe that Movant had committed an offense. Thus, the Court **DENIES** Movant's second objection.

Next, the Court finds no merit to Movant's third and fourth arguments that Kelly Ward was not a reliable informant so the police had no right to arrest him based on the information she provided and that the police only had the right to conduct an investigative detention under *Terry v. Ohio*, 392 U.S. 1 (1968). After Movant shot and killed Robert Shilot, Ms. Ward, who witnessed the event, called 911 and told the police that Movant committed the murder and had left the scene and was driving an older model Ford LTD. Clearly, the police had probable cause to stop and subsequently arrest Movant when the police spotted him driving a Ford LTD. Therefore, the Court **DENIES** Movant's third and fourth objections.

Movant's fifth argument is that the public safety exception should not have applied because he was outside the car when the police asked him where the gun was located. However, such questioning under the circumstances of this case certainly falls under the public safety exception. *See New York v. Quarles*, 467 U.S. 649 (1984). Accordingly, the Court **DENIES** his fifth objection.

Likewise, the Court finds no merit to Movant's sixth objection in which he states that the search warrant is invalid because it states he was stopped because of a traffic violation. Thus, the Court **DENIES** this objection.

Movant's seventh, eighth, and ninth objections all involve his claim for ineffective assistance of counsel. The Magistrate Judge thoroughly analyzed this claim in his Findings and Recommendation, and the Court agrees with the Magistrate Judge's summation that there is no basis to find that counsel's performance was deficient.[1] Therefore, these objections are **DENIED.** To the extent Movant raises other related issues in these three objections, they also are **DENIED**.

Accordingly, after reviewing the proposed Findings and Recommendation and the record, the Court finds no merit to any of Movant's objections. Therefore, the Findings and Recommendation of the Magistrate Judge are **ADOPTED**, Movant's objections to the same are **DENIED**, and Movant's application for writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

---

[1] The Court finds it is insignificant the Magistrate Judge wrote on page 6 of the Findings and Recommendations that Movant did "not assert that counsel failed to interview the officers" when Movant entitled one of the sections of his § 2255 motion as "Counsel Failed to Investigate, Interview and Present Witnesses and Evidence in Favor of Suppressing Unlawfully Obtained Evidence from Automobile." *Motion to Vacate, SetAside [sic], or Correct Conviction and Setence 28 U.S.C. § 2255*, at 29. As noted by the Magistrate Judge, it appears that counsel did interview the officers and Movant's mere speculation, without more, that additional witnesses would have been helpful to his case is not a basis to find ineffective assistance of counsel.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: August 11, 2005

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE